## CATALIN CORPORATION OF AMERICA v. SLOSSE.

### No. 8323.

District Court, E. D. New York.

Jan. 2, 1940.

Alan N. Mann, of New York City, for plaintiff.

Edward Rager; of New York City (Margaret M. J. Mangan, of New York City, of counsel), for defendant.

BYERS, District Judge.

On settlement of the final decree confirming the Special Master's report and finding the defendant guilty of civil contempt for violation of the decree and injunction in this cause, the plaintiff has submitted a proposed decree intended to provide that the defendant shall be fined blank dollars, "and that this sum shall be paid to plaintiff as damages."

In a memorandum accompanying the decree, it is stated, at the foot of page 2: "The actual cost to plaintiff of this proceeding has been very substantial, and certainly has exceeded $1500.00."

As I understand the practise in these matters (Christensen Engineering Co. v. Westinghouse etc. Co., 2 Cir., 135 F. 774, at pages 781 and 782), it is necessary that any such award be fortified by evidence, and there is none in the record thus far.

It becomes necessary therefore that the plaintiff shall establish at least by affidavit of the plaintiff (i. e., of its treasurer for instance) what its actual cost has been in the conduct of this proceeding.

Such an affidavit should be prepared and served upon the defendant and, if the latter is not satisfied of the truth of the statement therein contained, the subject will be sent to the Special Master for his inquiry and report.

If the defendant is satisfied with the statement of cost as embodied in the affidavit which is suggested, and offers no opposition to the acceptance by the Court of the facts as embodied therein, it will be understood that the defendant acquiesces in the reliance by the Court upon such statement for the purposes of the final decree.